IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                //    CRIMINAL ACTION NO. 1:10CR91
                                     (Judge Keeley)

**RICKY FRASHURE,**

        **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19] AND
DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
[DKT. NO. 12]**

### I. INTRODUCTION

On November 4, 2010, a grand jury indicted the defendant, Ricky Frashure ("Frashure"), for being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After Frashure moved to suppress the firearm seized by law enforcement (dkt. no. 12), the Court referred this matter to the Honorable John S. Kaull, United States Magistrate Judge ("Magistrate Judge Kaull"), for a report and recommendation ("R&R") (dkt. no. 13). After Magistrate Judge Kaull issued his R&R recommending that Frashure's motion to suppress be denied (dkt. no. 19), Frashure filed timely objections (dkt. no. 22), to which the government filed a response (dkt. no. 23). For the reasons that follow, the Court **ADOPTS** the R&R in its entirety (dkt. no. 19) and **DENIES** Frashure's motion to suppress evidence.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19] AND DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [DKT. NO. 12]**

## II. FACTUAL BACKGROUND

On October 2, 2008, Deputy Larry Gerwig of the Gilmer County Sheriff's Department ("Deputy Gerwig") received a 911 dispatch based on a call from an anonymous source reporting that a potentially intoxicated person was speeding down Ellis Creek and Sand Fork roads. The report described the vehicle as a maroon and tan Chevy truck with an expired registration tag. Based on what he'd heard, Deputy Gerwig believed the driver of the truck to be Frashure and headed toward the area described by the caller. While driving along Route 33, he identified a truck matching the general description provided by the caller and turned around to follow it. Although the truck was not speeding and Deputy Gerwig did not see the driver commit any moving violations, he pulled the truck over at the "33 Club."

After initiating the stop, Deputy Gerwig verified that Frashure was in fact the driver of the vehicle. Soon after, Trooper John Smith of the West Virginia State Police ("Trooper Smith"), who had also received the 911 dispatch and had heard that Deputy Gerwig had stopped Frashure at the 33 Club, arrived on the scene, and performed a field sobriety test, which Frashure failed. During the stop, Deputy Gerwig observed a firearm, an H&H revolver, in Frashure's vehicle. After an NCIC query established the firearm

**UNITED STATES V. FRASHURE**                                    **1:10CR91**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19] AND DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [DKT. NO. 12]**

was neither stolen nor unregistered, Trooper Smith and Deputy Gerwig returned it to Frashure's vehicle. Later, however, Trooper Smith learned that Frashure was a registered sex offender with a felony conviction. He then obtained a search warrant for the firearm from a local magistrate and seized it from the truck.

In his motion to suppress the firearm, Frashure argues that Deputy Gerwig lacked reasonable suspicion when he initiated the traffic stop, and that the firearm seized by Trooper Smith must be suppressed under the Fourth Amendment as a fruit of the unlawful stop.

### III. THE REPORT AND RECOMMENDATION

On January 13, 2011, Magistrate Judge Kaull conducted a suppression hearing and heard the testimony of Deputy Gerwig and Trooper Smith. Both witnesses were subject to direct examination by counsel for the government and to cross-examination by counsel for Frashure. Of key importance to the issue here, Deputy Gerwig testified that before he initiated the stop, he had noticed that the vehicle driven by Frashure had an expired registration tag.

At the hearing, Magistrate Judge Kaull concluded that the testimony of Deputy Gerwig was credible, and that the expired registration tag had provided Deputy Gerwig with "sufficient justification" and "reasonable suspicion" to initiate the stop.

3

**UNITED STATES V. FRASHURE**                                      **1:10CR91**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19] AND
DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
[DKT. NO. 12]**

Magistrate Judge Kaull also found that, even if Deputy Gerwig had not noticed the expired registration tag prior to initiating the stop, the "totality of the circumstances" established that Deputy Gerwig had reasonable suspicion to stop Frashure.

In his objections to the R&R, Frashure argues that Deputy Gerwig's testimony was not credible. He also objects to Magistrate Judge Kaull's conclusion that, even if Deputy Gerwig had not observed the expired registration tag, the totality of the circumstances provided the officer with reasonable suspicion to initiate the stop.

## IV. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews <u>de novo</u> any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt without explanation any recommendations to which no objections are filed. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983); <u>see</u> <u>also</u> <u>Nettles v. Wainwright</u>, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991).

## V. ANALYSIS

At bottom, Frashure's objections consist of disagreements with

**UNITED STATES V. FRASHURE**                                    1:10CR91

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19] AND
DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
[DKT. NO. 12]**

the credibility findings of Magistrate Judge Kaull. Although this Court must conduct a <u>de</u> <u>novo</u> determination of whether to accept the findings of the magistrate judge, it need not hear live testimony in order to do so. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 676, 683-84 (1980).

In his challenge the credibility of Deputy Gerwig's testimony, Frashure points out that the officer 1) initiated the stop over two years ago; 2) has initiated approximately one hundred stops since then; 3) took no notes of the stop; 4) did not author a report on the incident; and 5) could not recall various details about the stop, including where he first encountered the vehicle on Route 33, whether he passed another vehicle prior to initiating the stop, how long he followed the vehicle, where he was when he turned around to follow the vehicle, and where he was when he turned his lights on to initiate the stop. Frashure also asserts that his expired registration tag was likely of little importance because Deputy Gerwig also testified that he intended to stop the vehicle even prior to seeing the expired registration tag.

After conducting a <u>de</u> <u>novo</u> review of the record, including considering the arguments of counsel and Frashure's objections and listening to an audio recording of Deputy Gerwig's testimony, the Court **ADOPTS** Magistrate Judge Kaull's finding that Deputy Gerwig's

**UNITED STATES V. FRASHURE**                                    1:10CR91

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19] AND
DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
[DKT. NO. 12]**

testimony was credible. That credibility finding was based on a thorough review of the facts and careful, reasoned analysis.

In making his finding, Magistrate Judge Kaull acknowledged that Deputy Gerwig could not remember some minor details surrounding the stop, such as how far he had traveled before seeing the truck, or where he was when he turned around. He also noted, however, that Deputy Gerwig consistently testified he had observed the expired registration tag prior to initiating the stop, and always looks at license plates whenever he is traveling behind a vehicle. Magistrate Judge Kaull also observed that expired registration tags may readily be identified in West Virginia because the first digit on the actual license plate indicates the month in which the vehicle was registered and the color of the tag indicates the year. The registration tag on Frashure's vehicle was orange and his license plate displayed the number 5, indicating that the tag had expired in May 2008. Thus, when Deputy Gerwig stopped Frashure in October 2008, he could easily determine that the vehicle's registration tag had expired.

Frashure's objections fail to cast doubt on Magistrate Judge Kaull's findings regarding Deputy Gerwig's credibility. It is undisputed that an anonymous 911 caller reported that a potentially intoxicated driver was operating a truck with an expired

**UNITED STATES V. FRASHURE**                                        **1:10CR91**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19] AND
DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
[DKT. NO. 12]**

registration tag. Deputy Gerwig credibly testified that, prior to stopping the truck, he noted the expired registration tag. The fact that Deputy Gerwig cannot remember minor details of the circumstances surrounding the stop, such as where he was when he turned around, do not call this testimony into question. Finally, given that the 911 caller reported that the truck may have an expired registration tag, Deputy Gerwig's subsequent verification of this report was both natural and probable.

Frashure also objects to the alternative finding of Magistrate Judge Kaull that, even in the absence of noticing the expired registration tag, Deputy Gerwig had reasonable suspicion to initiate the traffic stop. In support of this objection, Frashure contends that Magistrate Judge Kaull based his conclusion on an erroneous finding that Deputy Gerwig "believed" Frashure was the driver of the truck. Frashure argues that such a belief was purely speculative and that, because it was dark, Deputy Gerwig could not have known the identity of the driver.

In light of the Court's determination that Deputy Gerwig's testimony was credible, it need not reach Frashure's second objection to conclude that his motion to suppress must be denied. Were the Court to reach this objection, however, it would find that Magistrate Judge Kaull's conclusion is well supported by the law

7

**UNITED STATES V. FRASHURE**                                      1:10CR91

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19] AND
DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
[DKT. NO. 12]**

and the undisputed facts of this case.

"Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability." Alabama v. White, 496 U.S. 325, 330 (1990). In this case, Magistrate Judge Kaull found that, under the totality of the circumstances, the information provided by the anonymous 911 caller, coupled with Deputy Gerwig's independent familiarity with Frashure, including his knowledge of Frashure's history of arrests for DUIs, provided him with reasonable suspicion to stop Frashure even if he had not first observed the expired registration tag.

Although Deputy Gerwig did not personally see Frashure driving erratically, he was familiar with Frashure and knew he lived in the area. Moreover, the description of the truck and report of possible drunk driving by the anonymous 911 caller, together with his knowledge of Frashure's prior driving offenses, led him to reasonably suspect that Frashure was the driver of the truck. After he initiated the stop, Deputy Gerwig confirmed the truth of his suspicion. Thus, based on the totality of the circumstances, even had Deputy Gerwig not identified Frashure's expired registration tag, the information provided by the anonymous 911 caller, combined with Deputy Gerwig's personal knowledge of Frashure's background, provided him with reasonable suspicion to

**UNITED STATES V. FRASHURE**                                      1:10CR91

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19] AND
DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
[DKT. NO. 12]**

initiate the stop.

Frashure does not dispute that, if Deputy Gerwig had reasonable suspicion to stop his vehicle, the subsequent seizure of the firearm was not unlawful. Accordingly, his motion to suppress the firearm must be denied.

## VI. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R in its entirety (dkt. no. 19), and **DENIES** Frashure's motion to suppress evidence (dkt. no. 12).

It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this Order to counsel of record, and all appropriate agencies.

Dated: February 3, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE